```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DEBORAH SZEREDY,

                        Plaintiff,                                      REPORT AND
                                                                        RECOMMENDATION
        -against-
                                                                        06 Civ. 7589 (KMK) (GAY)
JOHN E. POTTER, POSTMASTER GENERAL
OF THE UNITED STATES POSTAL SERVICE,
AND THE UNITED STATES POSTAL
SERVICE, AND NAOMI C. EARP, EXECUTIVE
DIRECTOR [sic] OF THE EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION
AND THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                        Defendants.
----------------------------------------------------------------X
```

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

Deborah Szeredy, appearing pro se, brings this action under Title VII of the Civil Rights Act (42 U.S.C. §§ 2000e to 2000e-17. Plaintiff Szeredy asserts Title VII retaliation claims against the defendants stemming from her role as an Equal Employment Opportunity ("EEO") non-lawyer representative at the United States Postal Service ("USPS"), the latter which is her employer. Presently before this Court are defendants'—the Equal Employment Opportunity Commission's ("EEOC") and Naomi C. Earp's, Chairperson and Commissioner of the EEOC—motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), on the grounds that this Court lacks subject matter jurisdiction. For the reasons that follow, I respectfully recommend that defendants' motion be GRANTED in full.

## I. BACKGROUND

The following facts are gathered from the parties' statements pursuant to Local Civil Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York, from the pleadings and from affidavits, affirmations and exhibits submitted by the parties in support of their contentions. Any disputes of material fact are noted.

Plaintiff Szeredy is an employee of the United States Postal Service. Among her employment duties, she serves as an EEO non-lawyer representative for her co-workers pursuant to Title VII regulations. See 29 C.F.R. § 1614.605(a) (allowing a non-lawyer representative working at the same federal agency as the complainant, by the complainant's choice, to represent the complainant during "all stages" of the EEO process). Although Szeredy has served as a representative for USPS co-workers in EEO proceedings, she is not currently and has not in the past been employed by the EEOC.

Beginning in September 2004, Szeredy represented postal worker Barbara M. Youmanns in connection with Youmanns' EEO complaint. The EEOC Administrative Judge Ricardo Cuevas ("AJ Cuevas") scheduled a hearing on the matter for July 15, 2005. Szeredy filed a motion to postpone the hearing on July 1, 2005, which AJ Cuevas denied on July 13, 2005. The USPS received AJ Cuevas' order the same day and attempted to notify Szeredy by telephone. Szeredy states that the neither the USPS nor the EEOC attempted to or successfully notified her of the motion denial.

Szeredy requested the postponement because the USPS allegedly failed to give her "official time on the clock to provide fair and impartial processing of [EEO]

complaints." In contrast, AJ Cuevas found that Szeredy's absence from the hearing was representative of a pattern of her "elect[ing] to ignore duly issued [EEOC] orders" and engaging in other "less than acceptable conduct." Szeredy served as an EEO representative before AJ Cuevas in three other matters: Areno v. U.S. Postal Service, EEOC #160-2003-08581X; Braue v. U.S. Postal Service, EEOC #160-2005-00077X; and Licari v. U.S. Postal Service, EEOC #160-2003-08607X. In each of these cases, Szeredy either failed to appear at a scheduled hearing, comply with deadlines, or conduct herself in a manner appropriate for an EEOC hearing process. See Sanction Order, Youmanns v. Potter, EEOC #160-2005-00013X 1, 4-7 (Aug. 29, 2005), EEOC Defendants' Memorandum of Law in Support of Their Partial Motion to Dismiss Ex. B [hereinafter "EEOC Defendants' Memo"].

Thus, AJ Cuevas sanctioned Szeredy for her conduct in connection with the Youmanns matter, prohibiting her from serving as a representative on any case before the EEOC's New York District Office for a period of sixty days and ordering her to pay $312.50 (the court reporter's fee). Id. at 9. Szeredy complied with the sanctions in full although she believes the sanctions were based on false accusations made by both the EEOC and USPS. Subsequently, plaintiff commenced this action September 20, 2006.

## II. MOTION TO DISMISS STANDARD

Pursuant to FRCP 12(b)(1), a court must dismiss a claim if the court "lacks jurisdiction over the subject matter." In deciding a 12(b)(1) motion to dismiss, this Court must assume the truth of the factual allegations set forth in the complaint. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). The

plaintiff has the burden of proving the court's jurisdiction by a preponderance of the evidence. See id.

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). The Court must deny a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2d Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. TITLE VII RETALIATION CLAIM[1]

Plaintiff asserts Title VII retaliation claims against defendants Earp and the EEOC for sanctioning her and failing to give her official time to work on EEO cases as a non-lawyer representative. Title VII of the Civil Rights Act forbids an employer from discriminating against "any individual" based on that individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII also prohibits retaliation, making it unlawful "for an employer to discriminate against any of his employees

---

[1] Plaintiff Szeredy does "not request[] the court to review the appropriateness of the EEOC's Decision" to sanction her. Plaintiff's Response to Agency Motion at 4.

4

because he opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII proceeding or investigation." Id. § 2000e-3(a).

Retaliation claims pursuant to Title VII are "not limited to discriminatory actions that affect the terms and conditions of employment." Burlington Northern & Sante Fe Ry. v. White, 548 U.S. 53, 64 (2006). In order to prevail in a Title VII retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 68 (internal quotation marks omitted). The Second Circuit further clarifies that "an adverse employment action is a 'materially adverse change in the terms and conditions of employment [that] is more disruptive than a mere inconvenience or an alteration of job responsibilities.'" Figueroa v. N.Y. City Health & Hosps. Corp., 500 F. Supp. 2d 224, 229 (S.D.N.Y. 2007) (citing DeMoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006)).

As an initial matter, the Title VII provisions make clear that the activities it prohibits are those made by employers against employees. See supra. Defendants Earp and the EEOC aver that plaintiff Szeredy is not, and was not at anytime, an EEOC employee. EEOC Defendants' Memo, Declaration of Gary J. Hozempa at 3. Szeredy does not deny defendants' assertion. In fact, she admits that she is not the EEOC's employee. Plaintiff's Response to Agency Motion at 1 ("I should have the right to take the EEOC's decision to civil court because I am not their [sic] employee . . . ."). Rather,

reading Szeredy's complaint broadly,[2] she claims that the EEOC and USPS worked together to (1) entrap her when they failed to notify her that the Youmanns' hearing was in fact going to be held and (2) deny her "official time" to work on EEO complaints. Complaint at 1-2. Szeredy's allegations are conclusory statements of an alleged conspiracy. Even if she had provided some evidence of a conspiracy, Title VII makes no provision for conspiracy claims to hold non-employers liable for its prohibited acts, including retaliation.

Plaintiff Szeredy has failed to assert an essential element of her Title VII retaliation claim: that the defendants are or were her employer. Absent a showing of all the essential elements of the claim, plaintiff has failed to state a claim for which relief can be granted. Accordingly, plaintiff's Title VII retaliation claims against defendants Earp and the EEOC should be dismissed.

## V. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend that defendants' partial motion to dismiss be GRANTED in full and all Title VII retaliation claims against defendants Earp and the EEOC be dismissed.

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file

---

[2] Courts must construe *pro se* complaints liberally. Lerman v. Bd. of Elections in City of New York, 232 F.3d 135, 140 (2d Cir.2000).

written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Sec'y of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated: October 23, 2008  Respectfully Submitted:
White Plains, New York

*George A. Yanthis*
GEORGE A. YANTHIS, U.S.M.J.