```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH SZEREDY,

                              Plaintiff,

        -v-

JOHN E. POTTER, Postmaster General of the United
States Postal Service, THE UNITED STATES
POSTAL SERVICE, NAOMI C. EARP, Executive
Director of the Equal Employment Opportunity
Commission, and THE EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                              Defendants.

Case No. 06-CV-7589 (KMK)(GAY)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

        Plaintiff Deborah Szeredy ("Plaintiff"), proceeding pro se, brings this lawsuit, pursuant to

Title VII of the Civil Rights Act (42 U.S.C. § 2000e to 2000e-17), alleging retaliation against her

by Defendants in connection with her involvement, both as a complainant and as a non-lawyer

representative, in equal employment opportunity complaints at the United States Postal Service

("USPS"). Defendants Equal Employment Opportunity Commission ("EEOC") and Naomi C.

Earp, Chair of the EEOC[1] (collectively, "EEOC Defendants") have moved for partial dismissal,

pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that the Court

lacks subject matter jurisdiction over Plaintiff's Title VII claims against them. Judge Charles L.

Brieant,[2] who was originally assigned to this case, referred the case to Magistrate Judge George

        [1] Plaintiff incorrectly identified Ms. Earp's title as "Executive Director" in the caption of
her Complaint.

        [2] The case was reassigned to Judge Cathy Seibel on August 5, 2008.  On August 26,
2008, the case was reassigned to the undersigned.

A. Yanthis.  Magistrate Judge Yanthis filed a Report and Recommendation ("R&R") on October 24, 2008, recommending that the Court grant the EEOC Defendants' motion.  (R&R 6.)

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. "However, where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted); *see also Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (noting that the district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b)(2))).  "In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation on appeal." *Donahue*, 2007 WL 831816, at *1.

2

Here, Plaintiff has not filed objections to Magistrate Judge Yanthis's R&R. Accordingly, the Court has reviewed the R&R for clear error. Finding none, the Court adopts the R&R in its entirety.

To establish that subject matter jurisdiction exists for a suit against the Government of the United States, a plaintiff must identify an applicable waiver of the Government's sovereign immunity; otherwise, a court must dismiss the suit, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." (internal citation omitted)). Section 717 of Title VII, 42 U.S.C. § 2000e-16(c), provides a waiver of the Government's sovereign immunity for claims alleging discrimination or retaliation in the course of federal employment. *See Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996) (noting that Title VII is the exclusive remedy for a federal employee suing for employment discrimination).

Plaintiff is not, by her own admission, an employee of the EEOC. (Pl.'s Resp. to Agency Mot. 1.) Title VII does not grant a waiver of EEOC Defendants' sovereign immunity in the circumstances presented by this case. *See Stone v. NYC Transit*, No. 04-CV-4141, 2005 WL 1593524, at *1 (E.D.N.Y. July 7, 2005) (finding that court lacked subject matter jurisdiction over plaintiff's claims that EEOC failed to investigate adequately plaintiff's charge of employment discrimination against the New York City Transit Authority). Accordingly, with respect to Plaintiff's claims against EEOC Defendants, the Court lacks subject matter jurisdiction, and those claims are dismissed.

3

In any event, Plaintiff fails to state a claim against the EEOC, as Title VII provides no cause of action for a non-employee of the EEOC based on conduct by the EEOC.[3] *See Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam) ("Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed properly to investigate or process an employment discrimination charge."); *Marshall v. Nat'l Ass'n of Letter Carriers BR36*, No. 03-CV-1361, 2003 WL 22519869, at *11 (S.D.N.Y. Nov. 7, 2003) (noting that Title VII "does not provide for judicial review, as such, of the EEOC's decision, and certainly not a right to sue the EEOC for damages"). In addition, to the extent that Plaintiff's Complaint can be viewed as claiming conspiracy between EEOC Defendants and the USPS, the Complaint does not allege sufficient facts to plausibly support such a claim. *See Francis-Sobel v. Univ. of Maine*, 597 F.2d 15, 17 (1st Cir. 1979) (affirming dismissal of plaintiff's conspiracy claims against the EEOC, which failed to allege a "minimum [of] factual support of the existence of a conspiracy").

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated October 24, 2008 is ADOPTED in its entirety; and it is further

ORDERED that Defendants Equal Employment Opportunity Commission's and Naomi C. Earp's partial motion to dismiss is GRANTED, and all Title VII claims against Defendants

---

[3] The Court notes that in providing the Rule 12(b)(6) standard, Magistrate Judge Yanthis relied on the Supreme Court's decision in *Conley v. Gibson*, 355 U.S. 41 (1957). In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-69 (2007), the Supreme Court abandoned reliance on *Conley* and its oft-cited line that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief," 355 U.S. at 45-46. Applying *Twombly*, the Court concurs with Magistrate Judge Yanthis that Plaintiff's Complaint fails to state a claim against the EEOC.

4

Equal Employment Opportunity Commission and Naomi C. Earp are DISMISSED; and it is

further

      ORDERED that the Clerk of the Court is respectfully directed to terminate the pending

motion (Dkt. No. 13).


    SO ORDERED.

    Dated: December ___, 2008
            White Plains, New York

                                  KENNETH M. KARAS
                                  UNITED STATES DISTRICT JUDGE

Service List (for mailing by Clerk's Office)

Deborah Szeredy
6404 Princess Circle
Wappingers Falls, NY 12590
*Pro Se Plaintiff*

Li Yu
Assistant United States Attorney
U.S. Attorney's Office, SDNY
86 Chambers Street, 3rd Floor
New York, NY 10007
*Counsel for Defendants*

Copy To:

Honorable George A. Yanthis
U.S. Magistrate Judge